UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIAGO LEITE<br>　　　Petitioner,<br><br>v.<br><br>MICHAEL CORSINI<br>　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 04-11794-GAO<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner Tiago Leite.

1. Admitted.

2. Admitted.

3. Admitted. Further answering, the respondent states that the petitioner was sentenced to a state-prison term of a minimum of ten years and a maximum of ten years and one day for trafficking in 100 or more grams of cocaine.

4. Admitted. Further answering, the respondent states that the petitioner was charged with trafficking in 100 or more grams of cocaine in violation of M.G.L. c. 94 C, §32E(b)(3).

5. Admitted.

6. Admitted.

7. Denied.

8. Admitted.

9(a)-(d). Admitted. Further answering, the respondent states that the citation is *Commonwealth v. Leite*, 50 Mass. App. Ct. 1103, 735 N.E.2d 1278 (2000). The grounds raised on direct appeal include: (1) the trial judge committed reversible error in admitting evidence of a shotgun found in the defendant's bedroom; (2) the prosecutor deprived the defendant of a fair trial by focusing on the obligation of the Commonwealth's main witness to testify truthfully under the plea agreement and by vouching for the truthfulness of the witness; and (3) the prosecutor created a substantial risk of a miscarriage of justice by accusing the defense of using improper trial tactics.

9(e). Left blank by the petitioner. The respondent states that on June 5, 2003, the Massachusetts Supreme Judicial Court ("SJC") denied that petitioner's application for leave to obtain further appellate review ("ALOFAR"). The citation is *Commonwealth v. Leite*, 439 Mass. 1106, 790 N.E.2d 1089 (2003).

9(f). Left blank by the petitioner.

10. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 and calls upon the petitioner to prove same.

11(a)(1)-(5). Admitted.

11(a)(6). Denied. The respondent states that the motion for new trial was denied on May 13, 2002 and copies were mailed on May 21, 2002.

11(b). Left blank by the petitioner.

11(c)(1). Admitted.

11(c)(2). Left blank by the petitioner.

11(d). Left blank by the petitioner.

12A. (Ground one). The respondent denies each and every allegation of fact contained in paragraph 12A of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12A contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B. (Ground two). The respondent denies each and every allegation of fact contained in paragraph 12B of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12B contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

13. Left blank by the petitioner.

14. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the petitioner to prove same.

15. Admitted.

16. Admitted.

17. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1. Docket Entries, *Commonwealth v. Leite*, BRCR9673CR0120.

2. Computerized Docket Entries, *Commonwealth v. Leite*, BRCR1996-00120.

3. Defendant's Brief and Record Appendix, *Commonwealth v. Leite*, Massachusetts Appeals Court No. 99-P-1163.

4. Commonwealth's Brief, *Commonwealth v. Leite*, Massachusetts Appeals Court No. 99-P-1163.

5. *Commonwealth v. Leite*, Memorandum and Order Pursuant to Rule 1:28, 50 Mass. App. Ct. 1103, 735 N.E.2d 1278 (2000).

6. SJC Case Docket, *Commonwealth v. Leite*, FAR-13363.

7. Denial of Petitioner's ALOFAR, *Commonwealth v. Leite*, 439 Mass. 1106, 790 N.E.2d 1089 (2003).

8. Petitioner's Motion After Discharge of Jury To Set Aside Jury Verdict of Guilty and Enter a Finding of So Much of the Indictment That Alleges the Lesser Included Offense Pursuant to Mass. R. Crim. P. 25(b)(2) or In the The Alternative Order A New Trial Pursuant To Mass. R. Crim. P. 30(b).

9. Defendant's Brief, *Commonwealth v. Leite*, Massachusetts Appeals Court, 02-P-918.

10. Defendant's Record Appendix, *Commonwealth v. Leite*, Massachusetts Appeals Court, 02-P-918.

11. Defendant's Addendum, *Commonwealth v. Leite*, Massachusetts Appeals Court, 02-P-918.

12. Commonwealth's Brief and Supplemental Appendix, *Commonwealth v. Leite*, Massachusetts Appeals Court, 02-P-918.

13. *Commonwealth v. Leite*, 61 Mass. App. Ct. 1104, 807 N.E.2d 863 (2004).

14. Petitioner's Application for Leave to Obtain Further Appellate Review.

15. Denial of Petitioner's ALOFAR, *Commonwealth v. Leite*, 442 Mass. 1104, 810 N.E.2d 1229 (2004).

### First Defense

The petitioner's conviction rests on an adequate and independent state law ground.

### Second Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

### Third Defense

The petition should be denied because the decision of the state court was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Fourth Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

/s/ Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: December 10, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2004, I caused a copy of the above <u>Answer</u> to be served by first-class mail, postage prepaid, upon Tiago Leite, *pro se*, Bay State Correctional Institution, P.O. Box 73, Norfolk, MA 02056.

/s/ Eva M. Badway
Eva M. Badway