UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIAGO LEITE<br>    Petitioner,<br><br>v.<br><br>MICHAEL CORSINI<br>    Respondent. | )<br>)<br>)<br>)<br>)   Civil Action No. 04-11794-GAO<br>)<br>)<br>)<br>) |

### RESPONDENT'S MEMORANDUM OF LAW
### IN OPPOSITION TO THE PETITION FOR HABEAS CORPUS

After a jury trial in Bristol Superior Court before Massachusetts Associate Justice Nonnie S. Burnes, the petitioner was convicted of trafficking in 100 or more grams of cocaine in violation of G. L. c. 94C, § 32E(b)(3). After unsuccessfully pursuing a motion for a new trial and two appeals in the Massachusetts state courts, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By this habeas action, the petitioner contends that his continued incarceration by the respondent, Michael Corsini, the Superintendent of the Bay State Correctional Institution, violates federal law. This memorandum is submitted in opposition to the petition for a writ of habeas corpus. Habeas relief is unavailable because the petitioner's claims relative to (a) the alleged denial of the effective assistance of counsel and (b) the denial of due process are both in procedural default and he cannot demonstrate cause and prejudice or actual innocence to excuse the defaults.

### PRIOR PROCEEDINGS

On April 11, 1996, a Bristol County grand jury returned an indictment charging the petitioner with trafficking in 100 or more grams of cocaine in violation of G. L. c. 94C, § 32E(b)(3) (Indictment No. 967CR00120). *See* Respondent's Supplemental Answer ("RSA") at

Exhibit 1, Docket Sheets, *Commonwealth v. Leite*, 9673CR00120. On March 12, 1998, after a jury trial before Massachusetts Associate Justice Nonnie S. Burnes, the jury found the petitioner guilty of trafficking in 100 or more grams of cocaine. *Id.* On the same day, Judge Burnes sentenced the petitioner to a state-prison term of a minimum of ten years to a maximum of ten years and one day. *Id.* The petitioner timely appealed his convictions to the Massachusetts Appeals Court. *Id.* On September 28, 2000, in an unpublished memorandum and order pursuant to Rule 1:28, the Appeals Court affirmed the petitioner's convictions. *See* RSA, Exhibit 5, *Commonwealth v. Leite*, 50 Mass. App. Ct. 1103, 735 N.E.2d 1278 (2000). On March 26, 2003, the petitioner filed a motion to file an application for leave to obtain further appellate review ("ALOFAR") late in the Massachusetts Supreme Judicial Court ("SJC"), along with an ALOFAR. *See* RSA, Exhibit 6, SJC Case Docket, *Commonwealth v. Leite*, FAR-13363. On April 30, 2003, the SJC allowed the petitioner's motion to file an application for leave to obtain further appellate review ("ALOFAR") late. *Id.* On June 5, 2003, the SJC denied the petitioner's ALOFAR. *See* RSA, Exhibit 7, *Commonwealth v. Leite*, 439 Mass. 1106, 790 N.E.2d 1089 (2003).

On April 25, 2002, the petitioner filed a motion after discharge of the jury to set aside the verdict of guilty and enter a finding of so much of the indictment that alleges the lesser included offense pursuant to the last sentence of rule 25(b)(2) of the Massachusetts Rules of Criminal Procedure, or in the alternative, order a new trial pursuant to Massachusetts Rule of Criminal Procedure 30, as appearing in 435 Mass.1501 (1996). *See* RSA, Exhibit 2, Docket Sheets, *Commonwealth v. Leite*, BRCR1996-00120. The petitioner asserted the following two claims: (1) the Commonwealth failed to meet its burden of proof beyond a reasonable doubt that he was

in actual or constructive possession of the 14.55 grams of cocaine; and (2) trial counsel was ineffective in failing to raise this issue. *See* RSA, Exhibit 8. On May 13, 2002, after review, Judge Burnes declined to hold a hearing or act on the motion, explaining that the submissions raised no issue which could not have been raised in the appeal of this matter. *See* RSA, Exhibit 2, Docket Sheets, *Commonwealth v. Leite*, BRCR1996-00120. The petitioner appealed to the Massachusetts Appeals Court. *Id*. On May 11, 2004, in another unpublished memorandum and order pursuant to Rule 1:28, the Appeals Court affirmed the motion judge's order declining to hold a hearing or act upon the petitioner's posttrial motion. *See* RSA, Exhibit 13, *Commonwealth v. Leite*, 61 Mass. App. Ct. 1104, 807 N.E.2d 863 (2004). The petitioner filed another ALOFAR in the SJC, asserting the following claims: (1) the Commonwealth failed to meet its burden of proof beyond a reasonable doubt that he was in actual or constructive possession of the 14.55 grams of cocaine; and (2) trial counsel was ineffective in failing to raise this issue. *See* RSA, Exhibit 14, Petitioner's Application for Leave to Obtain Further Appellate Review. On June 30, 2004, the SJC denied the petitioner's second ALOFAR. *See* RSA, Exhibit 15, *Commonwealth v. Leite*, 442 Mass. 1104, 810 N.E.2d 1229 (2004).

On August 11, 2004, the petitioner filed the instant petition for a writ of habeas corpus, asserting that (1) he was denied the effective assistance of counsel; and (2) he was denied due process. *See* Petition at ¶¶ 12 (A) and (B). On December 10, 2004, the respondent filed an answer and supplemental answer. The respondent now files this memorandum in opposition to the petition for habeas corpus.

3

## **STATEMENT OF THE FACTS**

The recitation of the underlying facts by the Massachusetts Appeals Court is entitled to the presumption of correctness under 28 U.S.C. §2254(e)(1). *Dolinger v. Hall,* 302 F.3d. 5, 7 n. 5 (1st Cir. 2002). The United States Court of Appeals for the First Circuit has noted, "[a] habeas petitioner must clear a high hurdle before a federal court will set aside any of the state's factual findings." *Mastracchio v. Vose,* 274 F. 3d 590, 598 (1st Cir. 2001). The state court's findings of facts can be overcome only if the petitioner demonstrates that they were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *Id.* at 597-598, *quoting* 28 U.S.C. § 2254(d)(2).

The Massachusetts Appeals Court provided the following facts:

The [petitioner] was a resident of Acushnet and employed in New Bedford. In the early months of 1996, police conducted surveillance of his frequent after work trips to the home of a cousin in Dartmouth, and to a bar in New Bedford. After obtaining search warrants, the police followed him to the cousin's home, and seized cocaine from him as he was leaving after a short visit inside. They then seized a large amount of cocaine in a box in the garage of the house, together with a scale, plastic baggies, and Inositol. In the house, police seized a bag of cocaine in the pocket of a jacket in a bedroom closet. At the same time, police searching the [petitioner]'s home in Acushnet, seized $12,250 in cash in a suspended basement ceiling, and a pistol grip type shotgun and two boxes of shells from his bedroom. The [petitioner]'s cousin testified at trial pursuant to an agreement with the Commonwealth, in effect describing the [petitioner]'s use of the cousin's home and garage for storing and packaging cocaine, for which he had accepted some money from the [petitioner]; and testified that he had been with the [petitioner] several times and had seen him selling cocaine, and also had made some drug deliveries for him (Tr.1: 102-104; Tr.2: 43). The cousin's wife also testified that a couple of days before the police searched their home, she saw the [petitioner] in the house, sitting at a coffee table with a scale and some plastic bags (Tr.2:204-209).

*See* RSA, Exhibit 5, *Commonwealth v. Leite,* 50 Mass. App. Ct. 1103, 735 N.E.2d 1278 (2000).

## ARGUMENT

**The Petitioner Is Not Entitled To Habeas Corpus Relief Where His Ineffective Assistance of Trial Counsel And Due Process Claims Are Procedurally Defaulted and He Has Failed To Establish Cause And Prejudice Or That A Miscarriage Of Justice Will Result If The Claims Are Not Reviewed.**

"The habeas corpus anodyne is designed neither to provide an additional layer of conventional appellate review nor to correct garden-variety errors, whether of fact or law, that may stain the record of a state criminal trial. Rather, the remedy is limited to the consideration of federal constitutional claims." *Burks v. DuBois*, 55 F.3d 712, 715 (1st Cir. 1995). *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) (affirming that the purpose of federal habeas corpus review is to ensure that individuals are not imprisoned in violation of the Constitution). *See also Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)("Federal courts are not forums in which to relitigate state trials"). Thus, federal habeas review is precluded, as a general proposition, when a state court has reached its decision on the basis of an adequate and independent state-law ground. *See Coleman v. Thompson*, 501 U.S. 722 (1991). In *Coleman*, the Supreme Court held that where

> a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750. *See Horton v. Allen*, 370 F.3d 75, 80 (1st Cir. 2004); *Tart v. Massachusetts*, 949 F.2d 490, 496-497 (1st Cir. 1991); *Palmariello v. Superintendent of M.C.I. Norfolk*, 873 F.2d 491, 493 (1st Cir.), *cert. denied sub nom.*, *Palmariello v. Butler*, 493 U.S. 865 (1989). A petitioner's procedural default constitutes an adequate and independent state ground so long as the state

consistently applies the rule and has not waived it. *Horton v. Allen,* 370 F.3d at 80; *Gunter v. Maloney,* 291 F.3d 74, 79 (1st Cir. 2002); *Burks v. DuBois,* 55 F.3d at 716; *Puleio v. Vose,* 830 F.2d 1197, 1199 (1st Cir. 1987), *cert. denied,* 485 U. S. 990 (1988). The jurisdictional nature of the independent and adequate state ground inquiry requires that it be addressed by this Court at the outset. *Lambrix v. Singletary,* 520 U.S. 518, 523-24 (1997).

### A. The Procedural Default Rule Bars Habeas Review of the Petitioner's Ineffective Assistance of Trial Counsel Claim.

The petitioner claims that his trial counsel was ineffective because he failed to file a motion to set aside the verdict of guilty and enter a finding of so much of the indictment that alleged the lesser included offense pursuant to Rule 25(a) of the Massachusetts Rules of Criminal Procedure. *See* Attachment to the Petition at p. 7. The Appeals Court explained that even though the motion judge declined to act on the petitioner's motion for a new trial, and the petitioner's claims therein may well have been waived, the Appeals Court determined whether the petitioner's alleged claims resulted in a substantial risk of a miscarriage of justice. *See* RSA, Exhibit 13, *Commonwealth v. Leite,* 61 Mass. App. Ct. 1104, 807 N.E.2d 863 (2004). Furthermore, the Appeals Court held that the petitioner's ineffective assistance of counsel claim presented in his second appeal failed. *Id.* Massachusetts has a "long-standing rule that issues not raised at trial or pursued in available appellate proceedings are treated as waived." *Commonwealth v. Curtis,* 417 Mass. 619, 626, 632 N.E.2d 821, 827 (1994). This rule applies where, as here, petitioner was represented by new counsel on appeal and could have but did not raise the issue of trial counsel's alleged ineffectiveness as an issue on direct appeal. *See Commonwealth v. Egardo,* 426 Mass. 48, 49-50, 686 N.E.2d 432, 433 (1997); *Commonwealth v. Adamides,* 37 Mass. App. Ct. 339, 344, 639 N.E.2d 1092, 1095 (1994). Furthermore, in

Massachusetts, appellate review of waived claims is limited to the discretionary standard of whether the claimed transgression created a substantial risk of a miscarriage of justice. *See Burks v. DuBois*, 55 F.3d at 716; *Puleio v. Vose*, 830 F. 2d at 1199. Here, the Appeals Court reviewed this procedurally defaulted ineffective assistance of counsel claim and held that it failed to suggest a substantial risk of a miscarriage of justice. *See* RSA, Exhibit 13, *Commonwealth v. Leite*, 61 Mass. App. Ct. 1104, 807 N.E.2d 863 (2004). The Appeals Court explained that based on the evidence presented, a motion to set aside the verdict of guilty on the greater offense had minimal chance of success. *Id.* The Appeals Court further noted that "'[i]t is not ineffective assistance of counsel when trial counsel declines to file a motion with minimal chance of success.'" *Id., citing Commonwealth v. Conceicao*, 388 Mass. 255, 264, 446 N.E. 2d 383, 389 (1983). Thus, the Appeals Court's resolution of petitioner's ineffective assistance of trial counsel claim fairly appears to "'rest[] on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Lee v. Kemna*, 534 U.S. 362, 375 (2002) (quoting *Coleman*, 501 U.S. at 729). The petitioner's request for habeas relief must be denied.

**B. The Procedural Default Rule Bars Habeas Review of the Petitioner's Due Process Claim.**

The petitioner also asserts that he was denied due process because the Commonwealth failed to meet its burden of proof at trial to prove that the petitioner was either in actual or constructive possession of 14.55 grams of cocaine to satisfy the element of possession. *See* Attachment to the Petition at p. 10. As stated above, the Appeals Court explained that even though the motion judge declined to act on the petitioner's motion for a new trial, and the petitioner's claims therein may well have been waived, the Appeals Court addressed whether the

petitioner's alleged claims resulted in a substantial risk of a miscarriage of justice. *See* RSA, Exhibit 13, *Commonwealth v. Leite*, 61 Mass. App. Ct. 1104, 807 N.E.2d 863 (2004). Again, Massachusetts has a "long-standing rule that issues not raised at trial or pursued in available appellate proceedings are treated as waived." *Commonwealth v. Curtis*, 417 Mass. 619, 626, 632 N.E.2d 821, 827 (1994). As demonstrated above, appellate review of waived claims is limited to the discretionary standard of whether the claimed transgression created a substantial risk of a miscarriage of justice. *See Burks v. DuBois*, 55 F.3d at 716; *Puleio v. Vose*, 830 F. 2d at 1199. In the instant case, the Appeals Court explained that there was sufficient evidence for the jury to conclude that the petitioner constructively possessed the additional 14.55 grams of cocaine found in his co-defendant's clothing, as well as the 86 grams of cocaine found in the garage. *See* RSA, Exhibit 13, *Commonwealth v. Leite*, 61 Mass. App. Ct. 1104, 807 N.E.2d 863 (2004). Thus, there was no error warranting the application of a substantial risk of a miscarriage of justice standard. *Id.* The limited review undertaken pursuant to the Massachusetts "miscarriage of justice" standard does not operate as a waiver of the underlying procedural default. *Burks*, 55 F.3d at 716, n. 2.

C.  **The Petitioner Has Failed to Establish "Cause and Prejudice."**

As previously stated, the limited review undertaken pursuant to the Massachusetts "miscarriage of justice" standard does not operate as a waiver of the underlying procedural default. *Burks*, 55 F. 3d at 716, n. 2. To the contrary, such review constitutes the "classic example of an independent and adequate state ground" supporting the application of the procedural default rule. *Simpson v. Matesanz*, 175 F. 3d 200, 207 (1st. Cir. 1999). Since the Appeals Court resolved both the petitioner's ineffective assistance of counsel and due process

claims on state law grounds, this habeas court may consider the claims only if the petitioner establishes "cause and prejudice" with respect to the procedural defaults or demonstrates to this Court his actual innocence. *See Dretke v. Haley*, – U.S.– , 124 S. Ct. 1847, 1851-52 (2004). The petitioner has made no attempt to show "cause," "prejudice," or a miscarriage of justice to excuse the defaults, nor could he. Here, the fact that petitioner does not even attempt to demonstrate cause for his procedural defaults effectively ends the inquiry for this Court.

Although this Court need not consider the prejudice question, in fact, the petitioner could not demonstrate prejudice if this Court fails to address his claims. Prejudice requires the petitioner to demonstrate "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ortiz v. Dubois*, 19 F.3d 708, 714 (1st Cir. 1994), *quoting United States v. Frady*, 456 U. S. 152, 170 (1982). Petitioner can make no such presentation here. As noted by the Appeals Court, there was sufficient evidence for the jury to conclude that the petitioner constructively possessed the additional 14.55 grams of cocaine found in his co-defendant's clothing, as well as the 86 grams of cocaine found in the garage. *See* RSA, Exhibit 13, *Commonwealth v. Leite*, 61 Mass. App. Ct. 1104, 807 N.E.2d 863 (2004). Thus, it cannot be said that there was an error that worked to the petitioner's actual and substantial disadvantage, or that it infected his entire trial with error of constitutional dimensions. *See Ortiz v. Dubois*, 19 F.3d at 714.

Absent cause and prejudice sufficient to excuse his procedural defaults, the only other avenue available to the petitioner – that a refusal to hear his defaulted claims relative to ineffective assistance of counsel and due process – would result in a "fundamental miscarriage

of justice" – is foreclosed. *Simpson v. Matesanz*, 175 F. 3d at 210. This exception to the procedural default rule is "'seldom to be used, and explicitly tied to a showing of actual innocence.'" *Killela v. Hall*, 84 F.Supp.2d 204, 210 (D. Mass. 2000) (*quoting Burks*, 55 F. 3d at 717). No such showing has been or could be made here, thus petitioner's defaults cannot be excused. Thus, habeas relief cannot be granted.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief should be denied.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

_____
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: January 4, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2005, I caused a copy of the above <u>Memorandum of Law in Opposition to the Petition for Habeas Corpus</u> to be served by first-class mail, postage prepaid, upon Tiago Leite, *pro se*, Bay State Correctional Institution, P.O. Box 73, Norfolk, MA 02056.

_____
Eva M. Badway