UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| TIAGO LEITE,<br>     Petitioner,<br><br>v.<br><br>MICHAEL CORSINI,<br>     Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION No. 04-11794-GAO |

PETITIONER'S REPLY TO
"RESPONDENT'S MEMORANDUM OF LAW IN
OPPOSITION TO THE PETITION FOR HABEAS CORPUS"

In respondent's opposition to petitioner Tiago Leite's habeas corupus, it stated at p1 that, "Habeas relief is unavailable because the petitioner's claims relative to (a) the alleged denial of effective assistance of counsel and (b) the denial of due process are both in procedural default and he cannot demonstrate cause and prejudice or actual innocence to excuse the default."

Furthermore, the respondent asserts at p6 of the opposition that, "The Appeals Court explained that even though the motion judge declined to act on petitioner's motion for a new trial, and the petitioner's claims therein may well have been waived, the appeals Court determined whether the petitioner's alleged

a "new trial motion" pursuant to M.R.Crim.P., Rule 30(b). This postconviction remedy does, indeed, have a waiver provision, which is Rule 30(c)(2). Unfortunately, for repsondent's position, Leite never filed a Rule 30(b) "new trial motion" in the Bristol Superior Court. What Leite filed in the Bristol Superior Court was a "motion to set aside the verdict, or, in the alternative, for a new trial pursuant to Mass.R.Crim.P., Rule 25(b)(2)" (see respondent's Supplemental Record Appendix- Appeals Court "Memorandum and Order Pursuant To Rule 1:28" at p1).

This is a critical distinction, and it is fatal to all of the respondent's "procedural default" arguments. Rule 25(b)(2), unlike Rule 30(b), does **not** have a waiver provision. A defendant may file any number of Rule 25(b)(2) motions without triggering a waiver rule. This is precisely why respondent treated so lightly by twice stating "petitioner's claims may well have been waived" (respondent's opposition at pp6/7). The Appeals Court treated lightly also by not asserting that Leite had actually waived either his ineffective assistance of counsel or due process arguments. So, in this action, respondent vainly tries to create a new state "procedural default" rule for a Rule 25(b)(2) motion, where none exists!

Even if Rule 25(b)(2) had a "procedural default" rule, it could not be applied to Leite's ineffective assistance of counsel issue. (Hab. Pet. Ground 1 at memorandum pp7-10). The reason is that since Leite's direct appeal was denied on September 28, 2000 (Commonwealth v. Leite, 99-P-1163/ MA Appeals Court), the U.S. Supreme Court has ruled that ineffective assistance of trial

claims resulted in a substantial risk of a miscarriage of justice." The respondent then repeats this very same sentence at pp7-8 of the opposition.

Additionally, the respondent claimed at p9 of its opposition that, "The petitioner has made no attempt to show 'cause,' 'prejudice,' or a miscarriage of justice to excuse the defaults, nor could he. Here, the fact that petitioner does not even attempt to demonstrate cause for his procedural defaults effectively ends the inquiry for this Court."

Finally, the respondent concludes at pp9-10 of its opposition that, "Absent cause and prejudice sufficient to excuse his procedural defaults, the only other avenue available to the petitioner- that a refusal to hear his defaulted claims relative to ineffective assistance of counsel and due process- would result in a 'fundamental miscarriage of justice' is foreclosed. Simpson v. Matesanz, 175 F.3d at 210. The exception to this procedural default rule is 'seldom to be used, and explicitly tied to a showing of actual innocence.' Killela v. Hall, 84 F. Supp.2d 204, 210 (D.Mass.2000) (quoting Burks, 55 F.3d at 717). No such showing has been or could be made here, thus petitioner's defaults cannot be excused. Thus, habeas relief cannot be granted."

In essence, respondent's entire opposition to Leite's habeas corpus petition is grounded solely in waiver and procedural default arguments- not substantive ones.

Respondent's opposition is erected on a foundation of sand because it is premised on the false assertion that Leite filed

issues should **not** be raised on direct appeal. (<u>U.S. v. Massaro</u>, 123 S.Ct. 1960 (2003)  The Supreme Court explained, "When an [ineffective assistance of counsel] claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record that is not developed precisely for, and is therefore often incomplete or inadeuate for the purpose of litigating ot preserving the claim." (1691)

Thus, the U.S. Supreme Court has recognized the essential futility of a defendant's raising ineffective assistance of counsel arguments on direct appeal.

Lastly, Leite would assert that even if the Court rejected all of the above counterarguments to respondent's "procedural default" claims, that Leite would still be entitled to habeas corpus review pursuant "to a showing of actual innocence" <u>Killea v. Hall</u>, 84 F. Supp.2d 204, 210 (D.Mass.2000) quoting <u>Burks v. DuBois</u>, 55 F.3d 712 (1st Cir. 1995). (see Leite's actual innocence arguments at Hab. Pet. memorandum pp10-14)

**WHEREFORE**, Leite respectfully requests that the Court rejext the respondent's "procedural default" claims, and review his habeas corpus petition on its substantive merits.

Respectfully submitted,

*Tiago Leite*
Tiago Leite
Petitioner/Pro Se
DATE: January 12, 2005     Bay State Corr. Center
P.O. Box 73
Norfolk, MA 02056

## CERTIFICATE OF SERVICE

The petitioner, Tiago Leite/pro se, deposes and says that on January 12, 2005, he placed in the U.S. mails, postage prepaid, a true and correct copy of the aforegoing "Petitioner's Reply To 'Respondent's Memorandum Of Law In Opposition To The Petition For Habeas Corpus'" to: Eva M. Badway/ Ass't. Attorney General/ Office of the Attorney General/ One Ashburton Pl./ Boston, MA 02108.

*Tiago Leite*
Tiago Leite
Petitioner/Pro Se
Bay State Corr. Center
P.O. Box 73
Norfolk, MA 02056
January 12, 2005