UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004CV11794-GAO

TIAGO LEITE
Petitioner,

V.

MICHAEL CORSINI
Respondent.

**REPORT AND RECOMMENDATION ON**

**THE PETITION FOR A WRIT OF HABEAS CORPUS**
**(DOCKET # 1)**

ALEXANDER, M.J.

On March 12, 1998, a Bristol County Superior Court jury found the petitioner, Tiago Leite, guilty of trafficking in 100 or more grams of cocaine. The Massachusetts Appeals Court affirmed Mr. Leite's conviction, and the Supreme Judicial Court denied Mr. Leite's petition for further review. Thereafter, on August 11, 2004, Mr. Leite filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Leite, acting *pro se*, makes two claims in his petition: 1) denial of effective assistance of trial counsel due to trial counsel's failure to file a motion to set aside the verdict pursuant to Mass. R. Crim. P. 25(a); and 2) denial

of due process because the Commonwealth failed to meet its burden of proof at trial.

The matter was referred to this Court for a Report and Recommendation. The Court has carefully considered the papers presented, and, for the reasons set forth more fully below, the Court RECOMMENDS that the petition for a writ of habeas corpus be DENIED.

**FACTUAL AND PROCEDURAL BACKGROUND**

The underlying facts as determined by the Massachusetts Appeals Court are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). The state court's findings of fact can be overcome only if the petitioner demonstrates that they were "'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Mastracchio v. Vose, 274 F.3d 590, 596-97 (1st Cir. 2001) (quoting 28 U.S.C. § 2254(d)(2)).

The Massachusetts Appeals Court provided the following facts:

> The [petitioner] was a resident of Acushnet and employed in New Bedford. In the early months of 1996, police conducted surveillance of his frequent after work trips to the home of a cousin in Dartmouth, and to a bar in New Bedford. After obtaining search warrants, the police followed him to the cousin's home, and seized cocaine from him as he was leaving after a short visit inside. They then seized a large amount of cocaine in a box in the garage of the house, together with a scale, plastic baggies, and Inositol. In the house, police seized a bag of cocaine in the pocket of a jacket in a bedroom closet. At the

same time, police searching the [petitioner]'s home in Acushnet, seized $12,250 in cash in a suspended basement ceiling, and a pistol grip type shotgun and two boxes of shells from his bedroom. The [petitioner]'s cousin testified at trial pursuant to an agreement with the Commonwealth, in effect describing the [petitioner]'s use of the cousin's home and garage for storing and packing cocaine, for which he had accepted some money from the [petitioner]; and testified that he had been with the [petitioner] several times and had seen him selling cocaine, and also had made some drug deliveries for him. The cousin's wife also testified that a couple of days before the police searched their home, she saw the [petitioner] in the house, sitting at a coffee table with a scale and some plastic baggies.

Commonwealth v. Leite, 50 Mass. App. Ct. 1103, 1103 (2000) ("Leite I").

A jury found Mr. Leite guilty, and he was sentenced, on March 12, 1998, to a minimum sentence of 10 years and a maximum sentence of 10 years and one day. Mr. Leite filed a timely notice of appeal on April 10, 1998, and was assigned new counsel to handle the direct appeal. In his appeal, Mr. Leite alleged: 1) improper admission of a shotgun into evidence; 2) that the prosecution improperly focused on a cooperating witness and vouched as to the truth of the witness's testimony; and 3) improper trial tactics by the prosecution during closing arguments. On September 28, 2000, the Appeals Court affirmed Mr. Leite's conviction. Leite I, 50 Mass. App. Ct. at 1103. Mr. Leite's subsequent application for Further Appellate Review ("ALOFAR") with the Massachusetts

Supreme Judicial Court was denied on June 5, 2003. Commonwealth v. Leite, 439 Mass. 1106 (2003).

On April 19, 2002, after the Appeals Court had affirmed Mr. Leite's conviction but before the Supreme Judicial Court had denied further review, Mr. Leite filed a motion after discharge to set aside the jury verdict and enter a finding on the lesser included offense pursuant to Mass. R. Crim. P. 25(b)(2), or, in the alternative, for a new trial pursuant to Mass. R. Crim. P. 30(b) ("motion after discharge"). As grounds for this motion, Mr. Leite alleged: 1) ineffective assistance of trial counsel and 2) insufficiency of the evidence. The motion judge declined to hold a hearing or to act on the motion, stating that Mr. Leite raised no issue in his motion that could not have been raised in his direct appeal. The Appeals Court affirmed the denial of the motion on May 11, 2004. Commonwealth v. Leite, 61 Mass. App. Ct. 1104 (2004) ("Leite II"). On May 28, 2004, Mr. Leite filed another ALOFAR with the Massachusetts Supreme Judicial Court. The ALOFAR was again denied, on June 30, 2004. Commonwealth v. Leite, 442 Mass. 1104 (2004).

Mr. Leite then filed his habeas petition, in which he asserts two grounds for relief. He first asserts that he was denied effective assistance of counsel because his trial attorney failed to file a motion to set aside the guilty verdict and enter a

4

finding on the lesser included offense pursuant to Mass. R. Crim. P. 25. Mr. Leite states that the lesser included offense charged in this matter was trafficking in 28 or more grams of cocaine, as opposed to trafficking in 100 or more grams of cocaine. Mr. Leite further contends that the Appeals Court erred when it opined that his trial counsel was not ineffective because there was sufficient evidence against Mr. Leite to make filing a motion to reduce the verdict frivolous.

Mr. Leite also asserts, in the second ground of his habeas petition, that the Commonwealth failed to meet its burden of proving constructive possession, in violation of his due process rights. Mr. Leite insists that the Commonwealth failed to prove at trial that he had knowledge of the presence of the cocaine, and the ability and intent to exercise dominion and control over it, which is required for a conviction under the theory of constructive possession.

## ANALYSIS

### Standard of Review for a Petition for a Writ of Habeas Corpus

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 et seq, a federal court can review a petitioner's state court conviction "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Habeas review is not simply a further appeal from the underlying state court decision, but

is in fact limited to the "consideration of federal constitutional claims." Burks v. Dubois, 55 F.3d 712, 715 (1st Cir. 1995); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The First Circuit recognizes the specialized function of habeas review, noting that "[t]he habeas corpus anodyne is designed neither to provide an additional layer of conventional appellate review nor to correct garden-variety errors . . . that may stain the record of a state criminal trial." Burks, 55 F.3d at 715.

Despite the narrow parameters of habeas corpus review, especially following enactment of the AEDPA, the Court is mindful that the petitioner here appears *pro se* and thus this Court has "a duty to construe [his] submissions with some liberality." Silvia v. Hall, 193 F. Supp. 2d 305, 309 (D. Mass. 2002). While Mr. Leite satisfies the preliminary statutory requirement of alleging federal constitutional violations, his petition ultimately fails due to the procedural default doctrine.

**The Procedural Default Rule Prevents Federal Habeas Corpus Review**

Claims that have been waived and are procedurally barred in state court are, generally, not reviewable by a federal court. The procedural default doctrine bars federal review of habeas claims when a state court has declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural

requirement. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). In these cases, the state judgment is considered to rest on independent and adequate state procedural grounds. Id. at 730. In Coleman, the Supreme Court explicitly held that:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Harris v. Reed, 489 U.S. 255, 260 (1989). In the habeas context, the procedural default doctrine is grounded in concerns of comity and federalism, attempting to limit the federal court's jurisdiction when hearing a habeas claim would undermine the state's interest in finality and enforcing its own laws. Coleman, 501 U.S. at 730-31.

When reviewing a habeas petition for possible procedural default, a federal court must determine whether the state court's decision rested upon independent and adequate state law grounds. Coleman, 501 U.S. at 736. A petitioner's procedural default constitutes an adequate and independent state ground so long as the state consistently applies the state forfeiture rule and has not waived it by basing the decision on some other ground. Horton v. Allen, 370 F.3d 75, 80-81

7

(1st Cir. 2004); see also Burks, 55 F.3d at 716 (defendant's failure to object in a timely manner at state criminal trial may constitute an adequate and independent state ground sufficient to trigger procedural bar rule as long as state has a consistently applied contemporaneous objection requirement and state court has not waived it in the particular case by resting decision on some other ground); Puleio v. Vose, 830 F.2d 1197, 1199 (1st Cir. 1987), cert. denied, 485 U.S. 990 (1988) ("...defendant's failure to object at his original state trial may constitute an 'independent and adequate state procedural ground' sufficient to foreclose collateral federal review of claimed constitutional error, as long as the state has a contemporaneous objection rule and has not waived its enforcement.") (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

In instances where a state court decision "appears to rest primarily on federal law, or to be interwoven with federal law," there is a presumption that the state grounds required for establishing procedural default do not exist. Coleman, 501 U.S. at 734-35. In such circumstances, habeas review is only prevented when it is clear from the face of the state court opinion that it relied upon independent and adequate state law grounds. Harris, 489 U.S. at 261. If the state court's decision relied on state procedural law rather than federal law, federal habeas

review is inappropriate in most circumstances. Boutwell v. Bissonnette, 66 F. Supp. 2d 243, 245 (D. Mass. 1999).

Massachusetts has a long-standing rule that "if a defendant fails to raise a claim that is generally known and available at the time of trial or direct appeal or in the first motion for postconviction relief, the claim is waived." Rodwell v. Commonwealth, 432 Mass. 1016, 1018 (2000). Massachusetts Rule of Criminal Procedure 30(c)(2) states:

> c) Post Conviction Procedure.
>
> (2) *Waiver.* All grounds for relief claimed by a defendant under subdivisions (a) and (b) of this rule shall be raised by the defendant in the original or amended motion. Any grounds not so raised are waived unless the judge in the exercise of discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion.

See also, e.g., Commonwealth v. Curtis, 417 Mass. 619, 626 (1994) (holding that any argument that could have been made on direct appeal, but was not, is deemed waived). This requirement is critical to achieve finality in the litigation of criminal cases and to assure that limited judicial resources are not consumed by claims that should have been raised earlier. Commonwealth v. Pisa, 384 Mass. 362, 366 n.5 (1981).

In this case, Mr. Leite contends that the waiver provision of Mass. R. Crim. P. 30(c)(2) does not apply to the claims asserted in his motion after discharge. He suggests that his was a motion brought solely under Mass. R. Crim. P. 25(b)(2), and that the rule neither has a waiver provision nor is subject to the waiver provision of Mass. R. Crim. P. 30. Mr. Leite further avers that there is no time limit to bringing a new claim for relief in a motion pursuant to Mass. R. Crim. P. 25(b)(2). Therefore, according to Mr. Leite, the claims asserted in his motion after discharge (brought nearly two years after his conviction) were not waived when he failed to bring them in his direct appeal, and have not been procedurally defaulted.

The motion judge, who was also the trial judge in this matter, disagreed that Mr. Leite's motion after discharge raised any issues that could not have been raised in his initial appeal and declined to hear argument or to rule on the motion. The Appeals Court affirmed the judgment of the motion judge. <u>Leite II</u>, 61 Mass. App. Ct. at 1104. Mr. Leite provides no support in his petition for the proposition that a Rule 25(b)(2) motion should be treated any differently than other postconviction motions that are subject to the waiver provision. Furthermore, as the Appeals Court ruled, the claims were waived when not raised by Mr. Leite on direct appeal.

The Appeals Court did, however, go on to review the merits of Mr. Leite's claims, to determine whether the alleged errors resulted in a "substantial risk of a miscarriage of justice." Id. A procedurally defaulted claim may be resurrected if the last state court granting review addresses a federal claim on its merits, thereby waiving the default. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). The fact that a state appellate court goes on to review a case under a miscarriage of justice standard, however, does not waive the procedural default, and does not create independent rights for habeas petitioners. Gunter v. Maloney, 291 F.3d 74, 79 (1st Cir. 2002); see also, e.g., Puleio, 830 F.2d at 1200 (state court's consideration of issue on the basis of whether it presented a substantial risk of miscarriage of justice was not a waiver of habeas petitioner's failure to raise timely objection in state court so as to permit him to raise the issue in federal habeas corpus proceeding). Here, the Appeals Court conspicuously indicated that it was reviewing Mr. Leite's claims of error simply on a "substantial miscarriage of justice" standard, thus not waiving the procedural default found by the motion judge. Leite II, 61 Mass. App. Ct. at 1104. Even assuming the Appeals Court had intended to waive the default, such waiver is only effective if the state court's decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state

11

law ground is not clear from the face of the opinion." Coleman, 501 U.S. at 735 (quoting Michigan v. Long, 463 U.S. 1032 (1983)). In concluding that the motion judge's actions had posed no substantial risk of a miscarriage of justice, Leite II, 61 Mass. App. Ct. at 1104, the Appeals Court clearly relies on state, and not federal, law.

**Denial of Effective Assistance of Counsel**

With regard to Mr. Leite's denial of effective assistance of counsel claim, the Appeals Court explained that based on the evidence presented, a motion to set aside the verdict had only a minimal chance of success and that "[i]t is not ineffective assistance of counsel when trial counsel declines to file a motion with a minimal chance of success." Leite II, 61 Mass. App. Ct. at 1104 (quoting Commonwealth v. Conceicao, 388 Mass. 255, 264 (1983)). Further, under Massachusetts state law, when a defendant alleges that his failure to preserve an issue for appeal stems from ineffective assistance of counsel, the reviewing court does not evaluate the ineffectiveness claim separately; rather, if the reviewing court determines that an error has been committed, it asks whether the error gives rise to a substantial risk of a miscarriage of justice, presuming ineffectiveness if the attorney's omission created a substantial risk and disregarding any ineffectiveness if it did not. Commonwealth v. Randolph, 438 Mass. 290, 296

(2002). The Appeals Court used Massachusetts state law in determining that there was no substantial risk of a miscarriage of justice posed by Mr. Leite's trial counsel. Leite II, 61 Mass. App. Ct. at 1104.

**Denial of Due Process (Insufficient Evidence)**

When considering Mr. Leite's claim that he was denied due process because the Commonwealth failed to meet its burden of proof at trial, the Appeals Court held that there was sufficient evidence for the jury to find that Mr. Leite was in possession of the specified amount of cocaine. Leite II, 61 Mass. App. Ct. at 1104. Thus, the Appeals Court found, there was no error even warranting the application of a substantial risk of miscarriage of justice standard. Id.

The state court did not rely upon federal rights, cases, or legal principles in conducting its review. The Appeals Court clearly had Massachusetts law, and not federal law, in mind when it concluded that no miscarriage of justice had occurred. Id. As such, the state court's resolution, both with respect to procedure and to the substantive claims, fairly appears to "rest [ ] on a state law ground that is independent of the federal question and adequate to support the judgment." Lee v. Kemna, 534 U.S. 362, 375 (2002) (quoting Coleman, 501 U.S. at 729). The state appellate court addressed the merits of Mr. Leite's claims only as an alternative ground to an equally valid judgment based on a procedural bar. Consequently, any

13

federal review of Mr. Leite's claims is barred. See Boutwell, 66 F. Supp. 2d at 245 (quoting Velasquez v. Leonardo, 898 F.2d 7, 9 (2nd Cir. 1990)) ("federal habeas review is foreclosed . . . even where the state court has also ruled in the alternative on the merits of the federal claim").

**Cause and Prejudice**

The state trial court's decision not to hear the claims asserted in Mr. Leite's motion after discharge was based upon Mr. Leite's procedural default. Leite II, 61 Mass. App. Ct. at 1104. In order to escape from the preclusive effect of a procedural default, a petitioner is obligated to show both "cause" for and "prejudice" from, his noncompliance with the underlying procedural rule, or that a fundamental miscarriage of justice will result if the claim is not considered. Murray v. Carrier, 477 U.S. 478, 485-489 (1986).[1] Mr. Leite cannot demonstrate "cause" for the default, as that requires "that some objective factor external to the defense" interfered with counsel's ability to raise the claims on direct appeal. Id. at 479.[2] Here, Mr. Leite's appellate counsel did not raise the claim of ineffective

---

[1] Cause and prejudice are mutually dependent requirements. Puleio, 830 F.2d at 1202. The failure to show the first dispenses with the need to inquire as to the second. Id.

[2] While ineffective assistance of counsel may constitute "cause" for failing to bring a claim on direct appeal when there is a close association between trial and appellate counsel, here Mr. Leite's trial attorney and appellate attorney had no such connection or conflict of interest. See Commonwealth v. Egardo, 426 Mass. 48, 49 (1997). So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established

assistance of trial counsel on direct appeal even though nothing prevented him from doing so if counsel thought the claim was meritorious.

Even assuming Mr. Leite could establish cause to excuse the procedural default, he cannot establish prejudice. "The question is not whether the defendant would more likely than not have received a different verdict," but whether "he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Strickler v. Greene, 527 U.S. 263, 289 (1999) (quoting Kyles v. Whitley, 514 U.S. 419, 434 (1995)). Mr. Leite has failed to establish that the claims alleged call into question whether he received a fair trial. There was substantial evidence, including the direct testimony of his cousin, to support the verdict.

Finally, "even absent a showing of cause and prejudice, a federal court exercising its habeas powers should nonetheless overlook a procedural default and hear a barred constitutional claim on the merits if fail[ing] to do so would result in a fundamental miscarriage of justice." Burks, 55 F.3d at 717. This is a "narrow exception to the cause-and-prejudice imperative, seldom to be used, and explicitly tied to a showing of actual innocence." Id. In the instant case, Mr. Leite does not

---

in Strickland v. Washington, 466 U.S. 668 (1984), there is no inequity in requiring him to bear the risk of attorney error that results in a procedural default. Murray v. Carrier, 477 U.S. at 479.

meet his burden of proving that, but for the errors alleged, the jury would not have convicted him.

Because the claims in Mr. Leite's application for federal habeas relief are procedurally defaulted in the state court, and he cannot demonstrate cause and prejudice to excuse the default, or show actual innocence, the federal court is barred from hearing his claims.

## CONCLUSION

For the foregoing reasons, this Court RECOMMENDS that the District Court DENY the petition for a writ of habeas corpus.

SO ORDERED.

8/24/05
Date

United States Magistrate Judge

16

## NOTICE TO THE PARTIES

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to this proposed Report and Recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of the Report and Recommendations. The written objections must specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Svcs., 848 F.2d 271, 273 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 687 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140, 155 (1985), *reh'g denied*, 474 U.S. 1111 (1986).